IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL W. MINTON,

    Plaintiff,

vs.                                            Case No. 5:05cv89-RH/WCS

JAMES V. CROSBY, et al.,

    Defendants.

_____/

### O R D E R

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  As Plaintiff has now paid the assessed initial partial filing fee, doc. 9, the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff alleges the denial of appropriate medical care in violation of the Eighth Amendment following a fall in which Plaintiff broke his ankle in several places.  Doc. 1.  Plaintiff then experienced various problems in obtaining both medical care and prescriptions.  *Id.*  Plaintiff also alleges an Eighth Amendment violation due to the issuance of refurbished boots which Plaintiff contains are inferior, substandard, and

caused Plaintiff to fall.  *Id.*  Specifically, Plaintiff asserts that the soles of the boots are known to regularly become unglued and it is that problem that caused Plaintiff to trip on some stairs.  *Id.*  Plaintiff contends that the continued issuance of these boots is deliberate indifference to his safety and violates the Eighth Amendment.  *Id.*

In general, it cannot be said that Plaintiff's claims concerning his medical care are insufficient to state a claim.  Those claims, and the grievances which demonstrate exhaustion, should be included in an amended complaint.  Plaintiff should be aware that such claims are evaluated under a "deliberate indifference" standard.  In other words, Plaintiff must show that Defendants were deliberately indifferent to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  The concept of deliberate indifference must be more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm.  Farmer v. Brennan, 511 U.S. 1216, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994).  "Ultimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001).  Additionally, "[g]rossly incompetent or inadequate care can constitute deliberate indifference . . . as can a doctor's decision to take an easier and less efficacious course of treatment."  Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989), *citing* Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).  Medical malpractice does not constitute deliberate indifference.  Estelle, 429 U.S. at 106, 97 S. Ct. at 292.  Furthermore, such claims also consider whether a prisoner has

been subjected to the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 103-104, 97 S. Ct. at 290-291.

An amended complaint is necessary in this case, however, because the claims concerning the issuance of the refurbished boots are insufficient to state a claim upon which relief may be granted. The United States Constitution does not require "comfortable prisons" with all the amenities, but it requires that prisons not be "inhumane." Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003), *citing* Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). The conditions of prison life and the treatment of prisoners is governed by the Eighth Amendment, which prohibits cruel and unusual punishment. Farrow, 320 F.3d at 1242-43, *citing* Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). In general, "prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain' " Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004), *quoting* Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

A two-part analysis governs Eighth Amendment challenges to conditions of confinement. Chandler, 379 F.3d at 1289. "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992), *cited in* Chandler, 379 F.3d at 1289.

> The challenged condition must be "extreme." *Id.,* at 9, 112 S.Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future

health" or safety, *id.,* at 35, 113 S.Ct. at 2481.  Moreover,  the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.  In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.  *Id.,* at 36, 113 S.Ct. at 2482.

Chandler, 379 F.3d at 1289.  The second part of the analysis requires prisoners to show that prison officials "acted with a sufficiently culpable state of mind" regarding the condition at issue.  Hudson, 503 U.S. at 8, 112 S.Ct. at 999 (marks and citation omitted); 379 F.3d at 1289.  "The proper standard is that of deliberate indifference." Chandler, 379 F.3d at 1289., *citing* Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).

In considering these claims, judges lack "carte blanche to impose [our own] theories of penology on the nation's prisons." Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999); *see* Rhodes, 452 U.S. at 346, 101 S.Ct. at 2399 ("Eighth Amendment judgments should neither be nor appear to be merely the subjective views of judges." (marks and citation omitted)); *quoted in* Chandler, 379 F.3d at 1290.  The analysis "should be informed by objective factors to the maximum possible extent."  *Id.*; 379 F.3d at 1290.

Here, regardless of the subjective factors, the objective factors prove fatal to Plaintiff's claim.  Providing refurbished boots to prisoners is not an "extreme" condition, and the issuance of boots, even if they are prone to have glue that loosens over time, does not pose an "unreasonable risk of serious damage."  *See* Chandler, 379 F.3d at

1289-90.  That the soles of boots might eventually begin to come unglued is simply not an excessive or substantial risk of injury that the boots should not be issued.  *See* Hudson, 503 U.S. at 8, 112 S.Ct. at 999; Wilson, 501 U.S. at 303, 111 S.Ct. at 2327; Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004).  Because nearly all shoes and boots are susceptible to this problem, this problem is not elevated into a constitutional problem because the boots are distributed to prisoners.  The issuance of these boots simply cannot be found to violate "contemporary standards of decency," or constitute the denial of "the minimal civilized measure of life's necessities." Chandler, 379 F.3d at 1289-90; Farrow, 320 F.3d at 1243; Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399.  Therefore, because the issuance of the refurbished boots does not Plaintiff should omit his claims concerning the issuance of these boots and the Defendants who are linked with these claims.

In amending, Plaintiff should carefully review the foregoing prior to drafting his amended complaint.  Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  If Plaintiff cannot state exactly how a particular Defendant harmed him, Plaintiff should delete or drop that person as a Defendant from the complaint.  Plaintiff must also set forth each

allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint.  An amended complaint completely replaces all previous complaints and they are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint containing an original signature with the Court and keep an identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the Court.

Accordingly, it is **ORDERED:**

1. The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form along with one additional copy of the complaint, if available, so that Plaintiff can file the amended complaint in its entirety.

2. Plaintiff shall have until **July 15, 2005**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. **Failure to comply with the order of this court may result in a recommendation of dismissal of this action.**

4. The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's amended complaint or no later than July 15, 2005.

**DONE AND ORDERED** on June 8, 2005.

                s/    William C. Sherrill, Jr.
                **WILLIAM C. SHERRILL, JR.**
                **UNITED STATES MAGISTRATE JUDGE**