IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL W. MINTON,

    Plaintiff,

vs.                                        Case No. 5:05cv89-RH/WCS

JAMES V. CROSBY, et al.,

    Defendants.

_____/

## O R D E R

Plaintiff, a *pro se* inmate, has filed an objection to the previous order directing him to file an amended civil rights complaint under 42 U.S.C. § 1983.  Docs. 10, 12.  Plaintiff has also filed a motion for an enlargement of time and, incorporated within that motion, is a request for the return of the original complaint and original documents filed therewith.  Doc. 11.  As for the motion for enlargement of time, that motion is granted.  Although it is unknown when the assigned District Judge will review Plaintiff's objections, it is not a workable procedure in this situation to leave an open-ended and unspecified time frame.  A certain deadline is necessary in order for the Clerk to refer this file back to the undersigned should Plaintiff fail to comply with the order to file an

amended complaint. Thus, Plaintiff shall have until **August 12, 2005**, within which to comply with that order should it be upheld by the District Judge. If a ruling has not yet been made concerning Plaintiff's objection, doc. 12, then Plaintiff must file another motion for an enlargement of time specifying how much additional time he needs and why.

Concerning the request for copies, Plaintiff's original complaint consists of twenty-nine pages and 104 pages of exhibits. Doc. 1. Should Plaintiff desire these documents he may request copies from the Clerk of Court upon the submission of 50 cents per page. The originals, however, will not be returned to Plaintiff as requested, only copies. It is assumed that Plaintiff retained a copy of his complaint which included the exhibits.[1] If that is correct, Plaintiff should simply make another copy of those documents which are relevant and necessary to litigate the surviving claim(s). If that is incorrect, then considering the extensive number of exhibits Plaintiff provided with the original complaint, Plaintiff would be permitted in this case to refer in his amended complaint to those exhibits previously submitted with the original complaint. The Court will not provide a copy of the entire document and exhibits unless Plaintiff pays for those copies. Even litigants who are granted *in forma pauperis* status are not entitled to free copies.

Accordingly, it is **ORDERED:**

1. Plaintiff's motion for an enlargement of time is **GRANTED in part**.

---

[1] The prior order directed the Clerk to provide Plaintiff with an additional copy of his complaint if one was available. If Plaintiff only sent the Court one copy of his complaint, then an "additional" copy was not available to send to Plaintiff.

Case No. 5:05cv89-RH/WCS


2.  Plaintiff shall have until **August 12, 2005**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms, as explained in the previous order, doc. 10.

3.  **Failure to comply with the order of this court may result in a recommendation of dismissal of this action.**

4.  The Clerk of Court shall immediately refer Plaintiff's objection, doc. 12, to the assigned District Judge.

5.  The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's amended complaint or no later than August 12, 2005.

**DONE AND ORDERED** on June 21, 2005.

> s/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**