IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MICHAEL W. MINTON,**

    Plaintiff,

vs.                              Case No. 5:05cv89-RH/WCS

**DR. JANET SPANN,**
**ASST. WARDEN VARNES,**
**DR. CIUNGU,**
**SGT. HOLDEN,**
**PILAR GUDINO,**
**and NURSE JANE DOE,**

    Defendants.

_____/

## ORDER DIRECTING SERVICE

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has submitted adequate service copies of his amended civil rights complaint, filed under 42 U.S.C. § 1983, doc. 15, pursuant to the August 8th court order. Doc. 16. The amended complaint is lengthy, but is sufficient to alert Defendants to the nature and basis of Plaintiff's claims. This order directs service and requires a response as set forth in detail below.

Accordingly, it is **ORDERED**:

1. The docket shall reflect that there six Defendants in this action: **Dr. Janice Spann, Nurse Jane Doe, Assistant Warden Varnes, Dr. Ciungu, Sergeant Holden,**

and **Pilar Gudino**.  Plaintiff shall have ten days from the entry of this order on the docket in which to notify the Court if this is *incorrect*.

2.  The Clerk shall issue summons for the five named Defendants,[1] **Dr. Janice Spann, Doe, Assistant Warden Varnes, Dr. Ciungu, Sergeant Holden,** and **Pilar Gudino**, indicating they have 60 days in which to file a responsive pleading (which in this case will be a written report as detailed *infra*), and refer the summons to the United States Marshal along with the service copies of the amended complaint.

3.  The Clerk shall also prepare and send the Marshal a copy of this order for each of the Defendants named in paragraph two.

4.  Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Janet Holmes** is specially appointed to serve process upon Defendant **Pilar Gudino** at the Florida Department of Corrections Central Office; **Sheila Pelfrey** is specially appointed to serve process upon Defendants **Sergeant Holden** and **Assistant Warden Varnes** at the Washington Correctional Institution.  In the absence of **Janet Holmes**, the specially appointed process server designated above, **Debra Hix** is designated as an alternate server and shall comply with this order as though issued in her name.  In the absence of **Sheila Pelfrey**, the specially appointed process server designated above, **Winona Sanders** is designated as an alternate server and shall comply with this order as though issued in her name.

---

[1] Service will not be directed on the unknown Jane Doe Nurse Defendant.  It is anticipated that Plaintiff will be able to discover the identity of this Defendant through the special report process explained herein.  Should that not be successful, Plaintiff can move for discovery.

5.  Within 30 days from the date of entry of this order on the docket, the United States Marshal or a Deputy United States Marshal shall serve a copy of the **civil rights complaint, summons, and this order** upon Defendants **Pilar Gudino**, **Sergeant Holden**, and **Assistant Warden Varnes** by mailing these documents **through regular mail to the above named special process servers, Janet Holmes and Sheila Pelfrey, who shall serve the amended complaint.** All costs of service shall be advanced by the United States.

6.  Within 10 days after receipt of the complaint and this order, **Janet Holmes and Sheila Pelfrey** shall **serve the complaint upon Defendants Pilar Gudino, Sergeant Holden**, and **Assistant Warden Varnes, complete** and **sign** the return of service, and **return** it to the <u>Clerk of Court</u> as proof of service. *Defendants shall also sign the return of service as an acknowledgment of receipt of service.*

7.  If Defendants Gudino,Holden, or Varnes are unable to be served, the process server shall report this information to the Clerk of the Court within 10 days after receipt of the complaint and this order. *If service is returned unexecuted, the Clerk of Court shall immediately refer the file to chambers.*

8.  The Marshal shall complete one Form 1A (revised) for service on each of the remaining two named Defendants **Dr. Janice Spann** and **Dr. Ciungu** at Washington Correctional Institution in Chipley, Florida.

9.  Pursuant to FED. R. CIV. P. 4(d), the United States Marshal shall then send the copy of the amended complaint, the completed Form 1A (revised), sufficient copies of Form 1B (revised), and a prepaid means of compliance to Defendants **Dr. Janice Spann** and **Dr. Ciungu** through first class mail. The Marshal shall mail the forms to

Defendants **Dr. Janice Spann** and **Dr. Ciungu** as soon as possible so that service or waiver of service can be completed within 120 days from the date of entry of this order on the docket as contemplated by FED. R. CIV. P. 4(m).

10. If, after 30 days from the mailing of the waiver of service form and the amended complaint, either **Dr. Janice Spann** or **Dr. Ciungu** has not returned the waiver of service forms (Form 1B (revised)), the Marshal shall obtain summons from the Clerk and personally serve that Defendant pursuant to FED. R. CIV. P. 4(e). Upon completion of service, the Marshal shall file with the Clerk the return and a written statement of all costs incurred in making such personal service.

11. The Clerk shall refer this file to the undersigned if the waiver form is returned for insufficient address or for similar reason, if service on any Defendant is returned unexecuted, or if the Marshal has filed a statement of costs incurred for making personal service on Dr. Janice Spann and/or Dr. Ciungu.

12. Defendants shall review the amended complaint to:

    a. Ascertain the facts and circumstances surrounding the complaint;

    b. Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

    c. Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

13. Within 60 days of receipt of the summons, Defendants shall respond to the amended complaint either by filing a motion to dismiss because Plaintiff has not exhausted administrative remedies pursuant to 42 U.S.C. § 1997e or by filing a special report with the Court, and a copy thereof to Plaintiff, containing the following:

   a. Sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the Plaintiff.)

   b. Copies of any written reports prepared as a result of investigation of the inmate's allegations.

   c. All defenses, including immunity defenses. If not listed, such defenses may be considered waived.

   d. Where relevant, copies of medical or psychological or disciplinary records.

   e. Where applicable, copies of relevant administrative rules, regulations, or guidelines.

Defendants are advised that, at some time in the future upon notice of the Court, the special report may be deemed a motion for summary judgment. **Therefore, in addition to the above, the special report shall be in compliance with Local Rule 56.1, and shall include all Fed. R. Civ. P. 56 materials Defendants wish the Court to consider.[2]**

   14. No answer, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the Court. If any such pleading or motion is sent to the Court, the Clerk shall not file or otherwise treat the pleading as a motion unless or until the Court so orders.

   15. Plaintiff shall not file a reply to Defendants' special report until ordered to do so by the Court. However, Plaintiff shall file a response to a motion to dismiss, if filed by Defendants, within 20 days of the date of service of such a motion.

---

[2] The special report must contain a short and concise statement of the material facts and shall not merely re-assert Plaintiff's allegations.

16. Once a special report is filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.  N.D. Fla. Loc. R. 15.1.

17. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it. If Plaintiff wishes to consent, the form should be signed and forwarded to counsel for each Defendant.  If Defendants wish to consent, the form should be signed and returned to the Clerk.

18. Plaintiff shall be required to mail to the attorney for each Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to each Defendant or to the attorney representing each Defendant.  Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

19. The Clerk of Court shall return this file to the undersigned no later than December 19, 2005.

**DONE AND ORDERED** on September 19, 2005.

                                                  s/    William C. Sherrill, Jr.  
                                                  **WILLIAM C. SHERRILL, JR.**  
                                                  **UNITED STATES MAGISTRATE JUDGE**